### ZINN et, etc v ZINN

Ohio Appeals, 2nd Dist, Franklin Co

No 2295. Decided Nov 22, 1933

Wilson & Rector, Columbus, for plaintiffs in error.

Cowan, Adams & Adams, Columbus, for defendant in error.

## OPINION

By KUNKLE, J.

The present status of this estate is set forth in detail in the reports made by the guardian and the other testimony.

Counsel have favored the court with very exhaustive briefs in which the oral testimony is discussed and to which there is attached detailed statements of the securities held by the said guardian; of the securities in what is known as the William H. Jones estate; of the market value of the various securities held by such guardian; of the rental value of the Broad Street property and of the income generally received from such securities and real estate. The bill of exceptions also contains the testimony of various witnesses as to the value of the real estate.

We have considered the testimony with care but to attempt to quote from such testimony with any satisfaction would require a restatement of a very large portion thereof. This is impractical and is also unnecessary, as counsel are thoroughly familiar with the same. We will content ourselves therefore with merely announcing the conclusion at which we have arrived after a consideration of all the facts presented by the record.

The lower court refused to modify the decree for alimony as made in 1927. From our consideration of the record we would not feel justified in disturbing the judgment of the lower court. We think the evidence warranted the lower court in rendering the judgment which it did.

The principal contention urged by counsel for plaintiffs in error is that by reason of the decreased income from securities belonging to the estate he is unable to pay to his ward such sums as he considers necessary for the proper support of the ward and also pay to the defendant in error the allowances for alimony fixed by the court in 1927. It is apparent from the record that the value of the ward's estate is less than it was several years ago when the securities were of greater value than they are at present. Upon the other hand, since this decree for alimony was entered the ward has become the absolute owner of a half interest in a valuable piece of real estate on East Broad Street in the city of Columbus. When this decree was rendered, the mother of the ward was living and had a

life estate therein. Since the decree the mother has died and the ward has become entitled to the one-half of the rents from such real estate. The record also discloses that he has obtained certain other funds since the decree which would add to the value of his estate. If it becomes necessary to use a portion of the corpus of this estate for the purpose of meeting the necessary expenses of the ward and also of paying the installments of alimony as fixed by the trial court in 1927, we know of no good reason why a portion of the corpus of the ward's estate should not be used for the purpose of making such payments.

Finding no error in the record which we consider prejudicial to the rights of plaintiffs in error, the judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.